IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshual Morris, #314902, | C/A No. 0:13-cv-01031-GRA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Cynihia York, *Case manager*;<br>Cecilia Reynolds, *Warden*;<br>Sgt Pearson, *Special Investigation Unit*;<br>Debbie Branwell, *Director of Investigation*;<br>*individually and in their official capacities*, | |
| Defendants. | |

The plaintiff, Joshual Morris ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint, which requests monetary damages for an alleged violation of Plaintiff's due process rights, names SCDC employees as defendants (collectively, "Defendants"). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

I.    Factual and Procedural Background

Plaintiff complains that, in August or September of 2011, he was placed on "security detention" by Defendant Sergeant Pearson of the "Special Investigation Unit" on the basis of a letter written in his name to the district attorney threatening bodily harm. (ECF No. 1 at 3.) Plaintiff contends that another inmate wrote this letter. Pearson spoke to Plaintiff and took his

PJG

handwriting sample in order to compare it to the letter.[1]  Plaintiff alleges that Pearson told him that if the sample did not match the letter, Pearson would release him.  Plaintiff contends that he has since written to Pearson and to Defendant Cynihia York without response.  Plaintiff says that he also wrote "numerous inmate's request" to Defendant Warden Cecilia Reynolds, and she replied that, if Plaintiff would withdraw his grievance, she would release him from security detention.  (Id.)

Plaintiff complains that, nineteen months later, he is still in security detention, but with no disciplinary charges and in violation of SCDC policy.  Plaintiff adds that the time in security detention extends his time in prison as he is unable to earn "good time credit."  (Id. at 3–4.)  Plaintiff asks for release from security detention and monetary damages for each day he has spent in security detention.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

---

[1] Plaintiff identifies Defendant Debbie Branwell as the "Director of Investigation," but asserts no personal allegations against her.



proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke v. Williams, 490 U.S. at 327 Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not

rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.   Analysis

The United States Supreme Court has made it clear that prison officials are to be accorded considerable deference in their prison management decisions. In Thornburgh v. Abbott, 490 U.S. 401 (1989), the Court stated:

> Acknowledging the expertise of these officials and that the judiciary is "ill equipped" to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world.

Id. at 407–08 (citing Procunier v. Martinez, 416 U.S. 396, 404–05 (1974)); see also Overton v. Bazzetta, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.") (citations omitted).

To prevail in a civil rights action brought under 42 U.S.C. § 1983, a plaintiff must establish two elements:  (1) that the defendant(s) deprived him of a right secured by the Constitution or federal law, and (2) that the defendant committed the deprivation while acting under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Also, in any action brought under § 1983, a court must first identify the contours of the underlying right the plaintiff claims was violated.  Graham v. Connor, 490 U.S. 386, 394 (1989).  This requires a

determination of the particular plaintiff's status at the time of the alleged violations. United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990).

The court liberally construes the Complaint to contain an allegation that Defendants have violated Plaintiff's rights to procedural due process in confining him to security detention without a hearing. To prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 486 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); see also McKune v. Lile, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). "An inmate has no liberty interest in remaining in the general prison population because administrative segregation is 'the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'" Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).[2]

Further, § 1983 provides relief from a violation of federal constitutional rights, not from a violation of prison-created policies or procedures. Id. Violations of prison policies alone do not rise to the level of a constitutional deprivation. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.

---

[2] Hewitt was abrogated on other grounds by Sandin.

1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Keeler, 782 F. Supp. at 44 (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); cf. Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (recognizing that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

The court notes that Plaintiff does not allege that his placement in security detention was accompanied by a loss of good time credits but, rather, that he is denied the opportunity to earn good time credits while in security detention. However, inmates have no constitutional right to be conditionally released before completing a valid sentence. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Although a liberty interest may arise when an inmate is subjected to atypical and significant hardship in relation to the ordinary incidents of prison life, Sandin, 515 U.S. at 484, the fact that Plaintiff may have to serve his full term of imprisonment does not subject him to such hardship.

As to Defendant Branwell, Plaintiff provides no factual allegations against her in the body of the pleading. (See ECF No. 1 at 3–4.) A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). As the Supreme Court stated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that

support a claim for relief, Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003), and this court is not required to develop tangential claims from scant assertions in the complaint,. see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), or from mere inclusion of a defendant's name in the caption of the pleading.

## RECOMMENDATION

Thus, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 23, 2013
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).