UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshual Morris, #314902, ) | |
| ) | C/A No.: 0:13-cv-01031-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Cynihia York, *Case Manager*; ) | |
| Cecilia Reynolds, *Warden*; ) | |
| Sgt. Pearson, *Special Investigation Unit*; ) | |
| Debbie Branwell, *Director of Investigation*; ) | |
| *Individually and in their official capacities*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Joshual Morris ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC") and is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. Specifically, Plaintiff seeks monetary damages for an alleged violation of his due process rights by various SCDC employees ("Defendants"). In accordance with established local procedure in this judicial district, this case was referred to United States Magistrate Judge Paige J. Gossett for all pretrial proceedings. After making a careful review of Plaintiff's Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Magistrate Judge Gossett recommends that Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 10. After reviewing the record, the relevant law, and the Report and

Recommendation, the Court agrees with and adopts the Report and Recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff also filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A Complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**Discussion**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff timely filed an objection to the Report and Recommendation on June 4, 2013. ECF No. 12. Liberally construed, Plaintiff objects to the Magistrate Judge's finding that Plaintiff's placement in "security detention" for nineteen (19) months and his inability to earn "good time credit" while in security detention do not rise to the level of a constitutionally cognizable liberty interest protected by the Due Process Clause. *Id.* However, the Court finds that this objection is without merit.

To prevail on a due process claim, "Inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). In support of his argument that his liberty interests have been violated by Defendants, Plaintiff cites to *Hewitt v. Helms*, 459 U.S. 460 (1983). In *Hewitt*, the Supreme Court held that despite the broad administrative and

discretionary authority given to prison officials, states can create liberty interests for prisoners through state statutes and regulations that repeatedly use "explicitly mandatory language in connection with requiring specific substantive predicates . . . ." *Id.* at 472.  For example, the Pennsylvania guideline at issue in *Hewitt* and quoted by Plaintiff in his objection, required "that certain procedures 'shall,' 'will,' or 'must' be employed . . . and that administrative segregation will not occur absent" a predicate finding of "'the need for control,' or 'the threat of a serious disturbance.'"  *Id.* at 471–72.  Plaintiff, however, does not cite to the applicable provisions of the South Carolina Code governing prison procedures or argue that the applicable law or regulation is mandatory.

In any event, the Supreme Court has retreated from *Hewitt*, and the liberty interest determination no longer turns on whether or not a state law or regulation is mandatory.  In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court found that while States could create liberty interests protected by the Due Process Clause, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.  Thus, after *Sandin*, "the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'"  *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Courts have found that administrative segregation, without more, does "not present the type of atypical, significant deprivation in which a State might conceivably

create a liberty interest." *Id.* at 486; *see Beverati*, 120 F.3d at 504 (holding that administrative confinement in cells "infested with vermin . . . smeared with human feces and urine . . . flooded with water from a leak in the toilet . . . [and] unbearably hot . . . were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life"). In this case, Plaintiff has failed to demonstrate that his confinement to administrative segregation imposed an "atypical and significant hardship" on Plaintiff in relation to the general prison population. The Court, therefore, agrees with the Magistrate Judge that Plaintiff did not have a liberty interest in remaining out of administrative segregation.

Moreover, as the Magistrate Judge correctly noted, even though Plaintiff claims that he is denied the opportunity to earn good time credits while in security detention, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

As such, Plaintiff has failed to present any cognizable due process claims against Defendants. Therefore, his objection to the Report and Recommendation is overruled.

## Conclusion

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that the case is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  12 , 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.